Brother *et al. v.* Cannon.

---

ALEXANDER BROTHER and THOMAS T. JANUARY, plaintiffs in error *v.* EPHRAIM CANNON, defendant in error.

*Error to Pike.*

In an action against a constable for an escape upon a *ca. sa.*, or for neglecting to execute a *ca. sa.*, proof that the *ca. sa.*, was issued upon the oath of an agent of the plaintiffs, is not admissible.

In an action against an officer for an escape on process sued out, and placed in the officer's hands to execute, or in an action for a false return, or for a refusal to execute such process, it is no justification for suffering an escape, or for making a false return, or for a refusal to execute such process, that the forms of law in suing out such process have not all been observed. If the process be regular on its face, and it be not absolutely void, having been issued without the authority of law, the officer can never be made a trespasser, although it may have been erroneously issued; and he is bound to execute the process, although it may have been erroneously sued out.

If the magistrate had jurisdiction of the subject matter, the officer was not bound to enquire further into the accuracy of his proceedings, but should have proceeded to obey the mandate of the warrant.

THIS cause was tried at the April term, 1835, of the Pike Circuit Court, before the Hon. Richard M. Young. After the decisions of the Circuit Court in relation to the admissibility of the evidence offered, the plaintiff being unable to proceed further, suffered a nonsuit, subject to the reversal and opinion of the Supreme Court.

WM. THOMAS and CYRUS WALKER for the plaintiffs in error, cited 5 Johns. 89; 13 Johns. 529; 15 Johns. 378; 8 Cowen 194; 6 Monroe 622; 1 J. J. Marshal 56; 2 Saund. 101 Y note 2.

O. H. BROWNING, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court :(1)

This was an action on the *case.* The declaration contains a count for an escape, the defendant being a constable, and having arrested a defendant on a warrant issued by a justice of the peace, at the suit of the plaintiff, and permitted him to go at large; another for a false return as such officer; and a third for not arresting defendant on the warrant. Plea not guilty.

On the trial the plaintiffs introduced the warrant issued by the justice of the peace, with the return endorsed thereon; after

---

(1) WILSON, Chief Justice, did not sit in this cause.

Brother *et. al. v.* Cannon.

which the Circuit Court permitted the justice to state, that the oath upon which the warrant had been obtained and issued, was made by the agents of, and not by the plaintiffs, in the action before the justice, though the plaintiffs objected to the introduction of this evidence. The Circuit Court then, on motion of the defendant, excluded the warrant and return from the jury. To the decision of the Court in thus admitting the testimony of the justice in relation to the oath of the agents of the plaintiffs, and the exclusion of the warrant and return from the jury, the plaintiffs excepted, and the only question now made in this Court, is whether the Circuit Court decided erroneously in admitting such testimony, and in excluding the warrant given in evidence to the jury.

It cannot be doubted that the Circuit Court erred on both points. It should have permitted the warrant and return to have gone to the jury, not merely because they had been properly read in evidence, but because it was legal and relevant testimony to establish the point at issue. In an action against an officer for an escape on process sued out, and placed in the officer's hands to execute, or in an action for a false return, or for a refusal to execute such process, it is no justification for suffering an escape, or for making a false return, or for a refusal to execute such process, that the forms of law in suing out such process, have not all been observed. If the process be regular on its face, and it be not absolutely void, having been issued without the authority of law, the officer can never be made a trespasser, although it may have been erroneously issued; and he is bound to execute the process, although it may have been erroneously sued out. If the magistrate had jurisdiction of the subject matter, the officer was not bound to enquire further into the accuracy of his proceedings, but should have proceeded to obey the mandate of the warrant. In a case in England,(1) Kenyon, Chief Justice, says : " It is incomprehensible to say that a person shall be considered a trespasser who acts under the process of the Court." By the return to the warrant, the officer appears to have so acted, and the plaintiffs had a perfect legal right to enquire into the truth of such return. The warrant was not absolutely void, although the oath was made by the agents of the plaintiffs, but merely voidable, even if it be determined that the oath required by the statute could not be made by an agent. The testimony of the justice was wholly irrelevant, and ought not to have been received; and it was most clearly erroneous for the Circuit Court to exclude the warrant.

In the case of Lattin *v.* Smith,(2) decided in this Court at the December term, 1830, these principles are distinctly laid down; and they are supported by reference to numerous decisions made

(1) Beck *v.* Broad, 3 Term R. 185.    (2) Breese 284.

The People *v.* Taylor.

in both the American and English courts, and by one in particular, in which the judge of the Circuit Court of the United States says, " That where process is delivered to an officer, he is bound to act in conformity to the commands of the writ, and if he proceeds to execute it, he is bound to complete the execution."(1)

The judgment of the Circuit Court is reversed with costs, and the cause is remanded with directions to the Circuit Court of Pike county to issue a *venire de novo*.

*Judgment reversed.*

(1) Meecher *et al. v.* Wilson, 1 Gallison 519.
(2) 4 Cranch 75; 2 Peters' Cond. R. 33.